IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MONTE DECARLOS WINSTON,**

    Petitioner,

v.                                             Civil Action No. 3:10CV631

**PATRICIA R. STANSBERRY,**

    Respondent.

## MEMORANDUM OPINION

Monte DeCarlos Winston, a federal inmate proceeding pro se, brings this petition for a writ of habeas corpus. On September 1, 2010, the Court received a 28 U.S.C. § 2241 Petition (hereinafter "the Present § 2241 Petition"). In that petition Winston contends that he is entitled to relief on the following ground:

> The terms of my detention are improper, because the provisions for applying Willis Jail Credit[1] in my case are not being applied correctly by the B.O.P., because Virginia Laws dealing with Jail Credit and days credited to a State sentence are different than the Federal Laws. (See Attachment A1 & A) **Emphasis**: According to Virginia law an inmates sentence start date is merely the sum of all Jail Credit period minus the date received. (DRC) As you can see on (Attachment A) it v[e]rifies the date I was received in State custody. Also, (Attachment AA) shows that my sentence monitoring computation data sheet dated 8-22-07 had it right, but they changed it. (This is a clear form of retaliation).

(Present § 2241 Pet. 8.) Winston demands the following relief: "I want the Court to get my Willis Jail Credit correctly applied to my sentence." (Id.)

---

[1] Willis v. United States, 438 F.2d 923, 925 (5th Cir. 1971).

Respondent has moved to dismiss the Present § 2441 Petition on the ground that it runs afoul of the abuse of the writ doctrine because the Court previously addressed and rejected Winston's argument that the Bureau of Prisons ("BOP") has failed to award Winston proper credit against his federal sentence for time spent in custody prior to the commencement of his federal sentence. See Winston v. Stansberry, 3:08cv553, 2009 WL 2230844 (E.D. Va. July 21, 2009), aff'd, 384 F. App'x 240 (4th Cir. 2010).

## I. PRIOR SECTION 2241 PROCEEDINGS

On August 26, 2008, the Court received a 28 U.S.C. § 2241 Petition from Winston (hereinafter "the First § 2241 Petition"). In the First § 2241 Petition, Winston asserted that he had not received proper credit against his federal sentence for time spent in custody prior to the imposition of his federal sentence. Winston asserted that "time credit should actually go back to January 6, 1999." Mem. Supp. § 2241 Pet. 1, Winston v. Stansberry, 3:08cv553, 2009 WL 2230844 (E.D. Va. July 21, 2009). Winston requested that the Court "clear up, correct, and credit my sentence with all prior time credit that I'm entitled to." § 2241 Pet. 5, Winston, 2009 WL 2230844. Accordingly, the Court conducted a thorough review of the manner in which the BOP had calculated Winston's sentence and made the following pertinent findings:

1. **Credit Toward Winston's Concurrent Federal Sentence**

BOP awarded Winston credit toward his federal sentence pursuant to 18 U.S.C. § 3584, which controls calculation of concurrent federal sentences if "imposed on a defendant who is already subject to an undischarged term of imprisonment . . . ." 18 U.S.C. § 3584(a); see United States v. Smith, 472 F.3d 222, 225 (4th Cir. 2006). In calculating time served for concurrent sentences, BOP considers a federal sentence to commence when it is imposed. See United States v. Labeille-Soto, 163 F.3d 93, 98-99 (2d Cir. 1998) (holding that a federal sentence cannot commence before it is imposed). In Winston's case, the district court judge ordered 77 months of his federal sentence to run concurrent to his state sentence. Accordingly, BOP granted credit toward Winston's federal sentence for time in state custody after his May 19, 2003 federal sentencing date and prior to his June 18, 2007 reception into [United States Marshal Service] custody. (Kelly Decl. ¶ 21.)

2. **Credit Toward Winston's Federal Sentence for So-Called "Willis" Time Served**

Winston also earned credit toward his federal sentence under the second factor, so-called "Willis" time, which arises from the holding in Willis v. United States, 438 F.2d [923, 925 (5th Cir. 1971)]. While 18 U.S.C. § 3585(b)(2) bars crediting a federal term with time already counted toward another sentence, Willis provides an exception. Under Willis, BOP grants prior custody credit, even if it results in a double-credit toward a state sentence, when two conditions are met: (1) a prisoner's state and federal sentences run concurrently; and, (2) the federal sentence full term release date is equal to or greater than the state sentence full term release date. Id. If, as in this case, these two circumstances are met, then credit is given toward the federal sentence for time spent in state pre-sentence custody that begins on or after the date of the federal offense, and runs to the imposition of the first state sentence. Id.

Winston's federal offense occurred January 6, 1999, and he was taken into custody on January 7, 1999. His first sentencing date occurred on March 22, 1999. Pursuant to Willis, BOP accurately credited Winston's federal term for 74 days of pre-sentence credit for time served from January 7 to March 21, 1999. (Kelly Decl. ¶ 21.) Time in state custody on or after the March 22, 1999 imposition of his state sentence is ineligible for

3

> credit toward his federal sentence under the Willis exception.
>
> . . . .
>
> Accordingly, Winston's claim to entitlement for time served in state custody toward his federal sentence lacks merit. The Court finds no error in the manner that Respondent has calculated Winston's sentence.

Winston v. Stansberry, 3:08cv553, 2009 WL 2230844, at *3-4 (E.D. Va. July 21, 2009) (internal footnotes omitted; first omission in original).

## II. ABUSE OF THE WRIT

Long before the enactment of the Antiterrorism and Effective Death Penalty Act, the Supreme Court developed the doctrine of abuse of the writ, which limited the review of second or successive habeas applications. See McCleskey v. Zant, 499 U.S. 467, 479-88 (1991) (describing the evolution of the doctrine). Under the abuse of the writ doctrine, a federal habeas court "could decline to hear a claim that was both raised and adjudicated in an earlier petition." Stanko v. Davis, 617 F.3d 1262, 1270 (10th Cir. 2010) (citing Sanders v. United States, 373 U.S. 1, 11-12 (1963)), cert. dismissed, 131 S. Ct. 973 (2011). In the abuse of the writ context, a habeas petitioner's claims "may be considered the same even when supported by different legal arguments." Id. (citing Sanders, 373 U.S. at 16). Nevertheless, "[e]ven if the same ground was rejected on the merits on a prior application, it is open to the applicant to show that the ends of justice would be served by

permitting the redetermination of the ground." Sanders, 373 U.S. at 16.[2]

Winston's Present § 2241 Petition constitutes an abuse of the writ in that the Court has rejected his claim that he is entitled to additional credit against his federal sentence for time spent in custody prior to the imposition of his federal sentence, including Willis credit. Stanko, 617 F.3d at 1270 (citing Sanders, 373 U.S. at 16). Winston's prior broad assertions that his sentence was not properly executed, in his First § 2241 Petition, embraced his current claim. Sanders, 373 U.S. at 16 ("In other words, identical grounds may often be proved by different factual allegations. So also, identical grounds may often be supported by different legal arguments, or be couched in different language, or vary in immaterial respects." (internal citations omitted)). Winston fails to demonstrate that the ends of justice warrant consideration of

---

[2] Additionally, the Supreme Court barred new claims under the abuse of the writ doctrine when those new claims could have been raised in an earlier application but were not. McCleskey, 499 U.S. at 489. The principles of the abuse of the writ doctrine are generally codified in 28 U.S.C. § 2244(a), which provides:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).

his Present § 2241 Petition. Accordingly, Respondent's motion to dismiss (Docket No. 6) will be GRANTED. The motion for summary judgment (Docket No. 10) will be DENIED. The petition will be DENIED and the action will be DISMISSED.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion to Winston and counsel of record.

An appropriate Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: July 18, 2011
Richmond, Virginia